UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MERRELL,

          Plaintiff,

    v.

NOREEN RENIER, et al.,

          Defendants.

NO. C06-404JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Plaintiff John Merrell to remand this action (Dkt. # 7). Neither party has requested oral argument. Having considered the motion, the parties' briefing, and their supporting documentation, the court DENIES the motion.

## II. BACKGROUND

Mr. Merrell filed this action in December 2005 against Noreen Renier and other Defendants in Snohomish County Superior Court. The state court dismissed claims against all Defendants except Ms. Renier. Mr. Merrell contends that when Ms. Renier published the book "A Mind for Murder," she breached a settlement agreement ("Agreement") in which the parties had agreed not to disparage each other. Among other things, the Agreement contained the following forum selection clause:

ORDER - 1

> The parties further agree that in the event of breach, any party breaching said agreement agrees to pay the non-breaching party's attorney's fees and costs for enforcement of the agreement and would further agree that venue to seek such enforcement will reside in the United States and in the county of residence of the non-breaching party.

Agreement at 2. Mr. Merrell resides in Snohomish County. Ms. Renier resides in Virginia.

Ms. Renier removed the action to this court. Mr. Merrell timely filed the instant motion to remand.

### III.   ANALYSIS

The court's initial obligation in considering a motion to remand is to verify that it has subject matter jurisdiction over this action. See 28 U.S.C. § 1441 (permitting removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Here, the court finds that it has jurisdiction under the diversity jurisdiction provision of 28 U.S.C. § 1332(a), which grants jurisdiction over civil disputes between citizens of different states where the amount in controversy exceeds $75,000. There is no dispute that Mr. Merrell and Ms. Renier are citizens of different states. As to the amount in controversy, Mr. Merrell contends that "[t]here is no documentation of any sort that would indicate what the level of damages would be in this case." Pltf.'s Mot. at 5. He misconstrues the law, which permits the court to remand only if it appears to a "legal certainty" that his claim is for less than $75,000. Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2001). Here, the Defendants have established a colorable argument that damages will exceed $75,000. Mr. Merrell has refused to stipulate that his damages are less than $75,000. The court finds no evidence that would establish to a "legal certainty" that he will recover less than the jurisdictional amount. The court therefore concludes that it has subject matter jurisdiction over this action.

ORDER - 2

1   The only other basis that Mr. Merrell presents for remanding this action[1] is the forum
2   selection clause in the Agreement.  Mr. Merrell reasons that because the clause provides that
3   "venue . . . will reside in the United States and in the county of residence of the non-
4   breaching party," and he resides in Snohomish County, Ms. Renier cannot remove this action
5   to this court.  Ms. Renier does not dispute that the forum selection clause is enforceable, but
6   she argues that it permits her to remove the action to this court.

7   To begin its interpretation of the forum selection clause, the court dispenses with Ms.
8   Renier's contention that the clause is merely permissive, not mandatory.  In the Ninth Circuit,
9   when a forum selection clause uses mandatory language like "will" or "shall" in conjunction
10  with a choice of "venue," the clause is not permissive.  Docksider, Ltd. v. Sea Tech., Ltd.,
11  875 F.2d 762, 764 (9th Cir. 1989).[2]  The forum selection clause at issue thus mandates that
12  venue for this suit lies in "the county of residence" of Mr. Merrell.[3]

13  The court also concludes that the forum selection clause at issue does not prohibit a
14  federal court from hearing this case.  The forum selection clause contains no suggestion that a
15  state court must hear disputes, nor that a federal court may not hear disputes.

16  The question remaining for the court, however, is whether mandating venue in the
17  county of Mr. Merrell's residence necessarily mandates exclusive venue in the Snohomish

---

[1] Plaintiff has not contested the timeliness of Ms. Renier's notice of removal or any other procedural defect, and has therefore waived those challenges.  See 28 U.S.C. § 1447(c).

[2] The court notes that Ms. Renier cited Docksider herself, even though Mr. Merrell failed to do so, and even though the case is contrary to her position, because she felt compelled to do so by her duty of candor to the court.  The court resoundingly commends the conduct of Ms. Renier and her counsel in this respect.

[3] As Ms. Renier notes, the forum selection clause permits the "non-breaching party" to control venue, and a party's "non-breaching" status is indeterminate until a court rules on the merits of the breach of contract claim.  Neither party, however, seriously contests that a "non-breaching party" under the clause is simply the party who first files an action accusing the other of breach.

26  ORDER - 3

1  County Superior Court.  The Western District of Washington "comprises" several counties,

2  including Snohomish County.  28 U.S.C. § 128(b).  The courthouses in which this District

3  hears matters, however, are located only in King County (Seattle), Pierce County (Tacoma),

4  and Whatcom County (Bellingham).  The question before the court, therefore, is as follows:

5  Does a forum selection clause that mandates venue "in the county of residence of the non-

6  breaching party," prohibit filing or removing an action in a federal district court that

7  encompasses the county, but has no courthouse within the county?  Under Ninth Circuit law,

8  the answer is "No."

9  In this circuit, to "be mandatory, a [forum selection] clause must contain language that

10  *clearly designates* a forum as the exclusive one."  N. Cal. Dist. Council of Laborers v.

11  Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) (emphasis added).  The

12  only applicable language in the Agreement states that "venue . . . will reside in the United

13  States and in the county of residence of the non-breaching party."  Thus, Mr. Merrell can

14  support his position only if that language "clearly designates" that Snohomish County

15  Superior Court is the exclusive venue for this action.  For several reasons, the court finds the

16  term "venue" to be ambiguous at best, and therefore insufficient to "clearly designate"

17  Snohomish County Superior Court as the exclusive venue for this action.

18  First, the term "venue" does not necessarily equate to the "location of a courthouse."

19  For example, if Mr. Merrell were suing Ms. Renier for injuries arising from a traffic accident

20  that occurred in Snohomish County, this court would have been a proper venue for such an

21  action, as would the Snohomish County Superior Court.  See 28 U.S.C. § 1391(a)(2)

22  (permitting a plaintiff to lay venue in "a judicial district in which a substantial part of the

23  events or omissions giving rise to the claim occurred").  In that sense, this court is a proper

24  "venue" for actions arising in Snohomish County, despite the absence of a courthouse within

25  the county.

26  ORDER - 4

1       Second, many dictionary definitions of venue are inconsistent with Mr. Merrell's

2 position. The leading legal dictionary, for example, defines venue variously as "[t]he proper

3 or possible place for a lawsuit to proceed," "[t]he county or other territory over which a trial

4 court has jurisdiction." Black's Law Dictionary 1591 (8th ed. 2004). Under both definitions,

5 both this court and the Snohomish County Superior Court are proper venues for this action.

6 Venue can also mean "the place for trial." Id.; see also Webster's New World Dictionary

7 1481 (3d college ed. 1988) ("the county in which a jury is drawn and a case is tried"). These

8 definitions favor Mr. Merrell's interpretation of the forum selection clause, but they do not

9 suffice to show that the forum selection clause "clearly designates" Snohomish County

10 Superior Court as the exclusive venue.

11       At best, the forum selection clause at issue is ambiguous regarding whether this court

12 provides a proper venue. Under the standard applicable in this circuit, it therefore fails as a

13 matter of law to prevent this court from hearing this action.

14       Before concluding, the court addresses two remaining issues. First, the parties have

15 suggested that the forum selection clause at issue is ambiguous, and that the court should

16 interpret the language. The court disagrees. Washington law (and likely all bodies of law)

17 provides means for resolving disputes over the meaning of ambiguous contract terms. When

18 a federal court considers a forum selection clause, however, it applies federal law.

19 Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 512-513 (9th Cir. 1988). Under

20 Ninth Circuit law, the court is not empowered to interpret an ambiguous forum selection

21 clause, it must reject it to the extent it does not "clearly designate" a particular forum as the

22 exclusive venue. N. Cal. Dist. Council of Laborers, 69 F.3d at 1037.

23       Second, despite Mr. Merrell's suggestion to the contrary, the rule that the court must

24 "strictly construe the removal statute against removal jurisdiction" does not lead to a different

25 result here. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal "statute,"

26 ORDER - 5

28 U.S.C. § 1441, merely defines the court's jurisdiction to entertain a removed action. It is silent regarding the effect of forum selection clauses.

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Merrell's motion to remand (Dkt. # 7).

Dated this 6th day of June, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 6