UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MERRELL,

        Plaintiff,

   v.

NOREEN RENIER,

        Defendant.

CASE NO. C06-404JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff John Merrell's motion to remand (Dkt. # 42). Having considered the motion, the parties' briefing, and their supporting documentation, the court DENIES the motion.

## II. BACKGROUND

Plaintiff originally filed this matter in Snohomish County Superior Court. Defendant removed the case to this court based on a valid forum selection clause in the parties' previous settlement agreement. Plaintiff timely moved to remand the action, contending that Defendant failed to meet the amount in controversy requirement for this court's diversity jurisdiction. On June 6, 2006, the court denied Plaintiff's motion to

ORDER – 1

remand (Dkt. # 12).  The court held that it had diversity jurisdiction over the action because Defendant had established a colorable argument that, if Plaintiff succeeded on all of his claims, damages could exceed $75,000.  Id.

Plaintiff subsequently moved for summary judgment on his breach of contract claim and requested that the court award disgorgement of the Defendant's profits to him. Pl.'s Supp. at 2.  The court granted Plaintiff's motion for summary judgment but declined to exercise its equitable power to award Plaintiff disgorgement of profits (Dkt. # 39). Plaintiff now claims that because the court ruled that it would not award disgorgement of profits, under no set of facts can his damage claim be greater than $75,000.  Plaintiff therefore again moves for a remand order based on the failure to meet the monetary threshold for diversity jurisdiction.  See 28 U.S.C. § 1332(a).

### III.  ANALYSIS

Plaintiff bases his request solely on the fact that, over six months after this case was filed, this court significantly reduced his damages by denying disgorgement of profits.  The law on this issue is clear:  the rule in diversity cases is that if the jurisdictional requisites are present when the action begins, subsequent events will not ordinarily defeat the district court's jurisdiction.  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 295 (1938); see also Hill v. Blind Indus. & Serv. of Md., 179 F.3d 754, 757 (9th Cir. 1999) (holding that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level").

Ignoring the well-settled law on this issue, Plaintiff cites an unpublished district court opinion, Edison v. USAA Casualty Ins. Co., No. C06-5259, 2006 WL 1806188 (W.D. Wash. June 28, 2006), for the proposition that a court may consider post-removal evidence to clarify the amount in controversy.  Pl.'s Supp. at 3.  Edison is inapposite to

ORDER – 2

the instant case. In Edison, the defendant removed the matter to federal court and plaintiff immediately moved to remand based on defendant's failure to establish the jurisdictional requirement for the amount in controversy. 2006 WL 1806188 at *3. The court held that defendant's failure to meet its burden in establishing the amount in controversy required that the case be remanded to state court. Id. Unlike the instant motion, the plaintiff in Edison moved to remand the matter within one-month of the removal. Id. Here, Plaintiff seeks remand after a prior unsuccessful motion for remand, a motion for summary judgment, and nearly nine months of litigating this matter before this court. The court held in ruling on Plaintiff's first motion to remand that the Defendant had come forth with sufficient evidence to show that the amount in controversy could exceed $75,000. Once the court found that it had jurisdiction over this matter, later events, such as a ruling on summary judgment, will not divest the court of jurisdiction. The court therefore does not find Plaintiff's argument persuasive and will not remand Plaintiff's remaining claim to state court.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's second motion to remand (Dkt. # 42).

Dated this 18th day of January, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER – 3