UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MERRELL,

        Plaintiff,

  v.

NOREEN RENIER,

        Defendant.

CASE NO. C06-404JLR

ORDER

## I. INTRODUCTION

This order supplements the court's prior ruling on Defendant Noreen Renier's motion (Dkt. # 43) for reconsideration of the court's November 16, 2006 Order. In the court's partial ruling on the motion for reconsideration, the court stated that it would issue a separate order addressing Ms. Renier's argument that Plaintiff John Merrell's alleged breach of the contract in 1994 discharged her duty to perform under the contract. For the reasons stated below, the court DENIES Ms. Renier's motion for reconsideration in its entirety.

ORDER – 1

## II.  BACKGROUND & ANALYSIS

The court previously set forth the factual background of this dispute in its November 16, 2006 Order (Dkt. # 39).  The court will not repeat those facts here.

In response to Mr. Merrell's motion for summary judgment on his breach of contract claim, Ms. Renier argued that Mr. Merrell breached the Settlement Agreement first, which discharged her duty to perform under the agreement.  Def.'s Resp. at 10.  In support of her theory, Ms. Renier cites to excerpts from a book entitled "Psychic Sleuths: ESP and Sensational Cases," written by Gary Posner and published in 1994.  Id. at 11.  Specifically, Ms. Renier cites to a chapter in the book that discusses her psychic abilities.  Id.  Ms. Renier argues that Mr. Merrell provided negative material about Ms. Renier for inclusion in the book, which "could" be a violation of the agreement.[1]  Id.  In her responsive brief, however, Ms. Renier failed to provide any evidence to support her claim that the 1994 book, written by a third-party, constituted a breach of the parties' non-disparagement agreement.  Only in the instant motion for reconsideration does Ms. Renier provide evidence that Mr. Merrell *provided* the negative material about Ms. Renier to Mr. Posner for inclusion in his book.  Def.'s Request at 2.  Ms. Renier provides cites to Mr. Merrell's deposition in which he testifies that he indeed provided the information for Mr. Posner's book.  Second Hall Decl., Ex. 4 (Merrell Dep. at 14-15).  Mr. Merrell also testifies, however, that he provided this information prior to the parties signing of the Settlement Agreement.  Id.

Ms. Renier offers no evidence to dispute Mr. Merrell's sworn testimony that he provided information for Mr. Posner's book before the parties finally settled their dispute.

---

[1] Ms. Renier agues that it "could" be a violation of the Settlement Agreement because it would only be a violation if the agreement's non-disparagement clause applied to truthful statements.  For her own defense, Ms. Renier contends that it does not.

ORDER – 2

Instead, Ms. Renier states that Mr. Merrell's testimony lacks credibility because the book was not published for two year after the parties signed the Settlement Agreement was signed. While Ms. Renier has not apprised the court of what amount of time would be reasonable for the publication of a book, the court does note that Mr. Merrell testified that he communicated with Mr. Posner regarding the Renier chapter of the book for over six years before he signed the Settlement Agreement. Id. at 16. Thus, it appears from the only evidence before the court on this issue that this particular book was not on the fast track to publication.

Ms. Renier contends that, at the very least, there is a genuine issue of material fact as to whether Mr. Merrell was the first to breach the Settlement Agreement. The evidence before the court suggests otherwise. Mr. Merrell testified that he provided the information for Mr. Posner's book before the Settlement Agreement was signed and thus he did not breach the agreement. There is no evidence before the court to contradict Mr. Merrell's sworn testimony. Rule 56(e) of the Federal Rules of Civil Procedure states: "[w]hen a summary judgment motion is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ms. Renier's suspicions as to the timing of the publication of Mr. Posner's book do not by themselves create a genuine issue of material fact for trial.

Ms. Renier also asserts that Mr. Merrell had a duty to retract the information he provided to Mr. Merrell or prevent publication of the book. The Settlement Agreement provides:

> That JOHN MERRELL and NOREEN RENIER, directly or indirectly, will cease and desist from engaging in any form of conduct which attempts in any way to diminish and/or disparage the other's reputation, personally, professionally and/or occupationally, including but not limited to contacts

ORDER – 3

> with each other, their family, loved ones, business associates, potential business associates, clients, and within their own peer group and any news organizations or media of any type.

SA at 2. There is nothing in the Settlement Agreement that requires the parties to retract prior statements or prevent the future publication by third parties of those statement. The Settlement Agreement requires the parties to "cease and desist," a phrase the court construes to apply to future action by the parties. Accordingly, based on the plain language of the parties' agreement, the court finds that Mr. Merrell did not have a duty to retract the information he provided to Mr. Posner in the years prior to signing the Settlement Agreement.

Mr. Merrell does not dispute that the law in Washington is that the material breach of a bilateral contract by one party, discharges the obligation of the other party to perform. Pl.'s Reply at 9. Mr. Merrell's only contention is that Ms. Renier cannot prove that he breached the Settlement Agreement because the alleged breach occurred outside the limitation period for a breach of contract claim. Id. This, according to Mr. Merrell, is fatal to Ms. Renier's discharge defense. As Ms. Renier correctly points out, however, the statute of limitations under Washington law does not preclude defenses. Def.'s Request at 2; see also Allis-Chalmers Corp. v. City of N. Bonneville, 775 P.2d 953 (1989) ("Statutes of limitations never run against defenses arising out of the transactions sued upon."). It is the lack of evidence that precludes this defense, not the statute of limitations.

In sum, the court does not find that there is sufficient evidence to that Mr. Merrell breached the Settlement Agreement in 1994 or that Ms. Renier's duty to perform pursuant to the agreement was discharged. The court will not alter its ruling that Ms. Renier breached the agreement by publishing A Mind for Murder and the Posner article.

ORDER – 4

### III.  CONCLUSION

For the reasons stated above, the court DENIES Ms. Renier's motion for reconsideration (Dkt. # 43).

Dated this 22nd day of January, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5