UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MERRELL,

        Plaintiff,

  v.

NOREEN RENIER,

        Defendant.

CASE NO. C06-404JLR

ORDER

## I. INTRODUCTION

Before the court is Plaintiff's motion for attorney's fees and costs (Dkt. # 60). For the following reasons, the court GRANTS the motion and awards costs in the amount of $1,133.12 and fees in the amount of $38,425.

## II. BACKGROUND

The facts giving rise to this dispute are set forth in the court's November 16, 2006 order (Dkt. # 39) ("November Order"). The court will repeat only those facts necessary to the instant motion.

ORDER – 1

In an effort to settle long-standing legal disputes and personal differences, the parties entered into a Settlement Agreement over 15 years ago. Settlement Agreement at 3.[1] The parties agreed to "no longer be involved in each other's lives in any way," and to not engage in any activity that would "diminish and/or disparage the other's reputation." Id. at 2. The agreement further provides that "in the event of breach, any party breaching said agreement agrees to pay the non-breaching party's attorney's fees and costs for enforcement of the agreement . . . ." Id.

More than ten years after entering into the Settlement Agreement, Defendant published a book wherein she discusses her dispute with Plaintiff in a less than flattering manner and accuses him of telling repeated lies regarding their dispute. When Plaintiff learned of the book, he sued Defendant for breaching the Settlement Agreement by disparaging him. Plaintiff also sought the equitable remedy of disgorgement of Defendant's book profits. Defendant responded with three counterclaims. She claimed that Plaintiff breached the confidentiality clause in the Settlement Agreement by divulging the agreement to her publisher. She also claimed that on that basis, Plaintiff tortiously interfered with her publishing contract and with business expectancies associated with the ongoing publication of her book.

In November 2006, the court ruled on the parties' cross-motions for summary judgment. In the November Order, the court held that Defendant breached the Settlement Agreement by publishing her book, but dismissed Plaintiff's equitable claim for disgorgement of Defendant's profits. The court further held that Plaintiff had no evidence of any out-of-pocket losses and thus his damage claim was limited to nominal

---

[1] The court notes that Plaintiff failed to attach the Settlement Agreement to his fee petition, which is the sole support for his claim for attorney's fees and costs. The court therefore relies on the copy of the Settlement Agreement submitted with Plaintiff's motion for summary judgment (Dkt. # 20).

ORDER – 2

damages. For various reasons, the court also dismissed all of Defendant's counterclaims. Plaintiff now moves for an order awarding him his attorney's fees and costs as the prevailing party in this case.

### III.  ANALYSIS

The Settlement Agreement provides for attorney's fees and costs to the non-breaching party when there has been a breach of the agreement. Unlike the typical fee-shifting agreements, there is no limitation set forth in the agreement requiring that the non-breaching party be the "prevailing party" in order to recover fees and costs. Defendant argues that Plaintiff is not entitled to his fees and costs because he was not the "prevailing party," as that term is defined by Washington law.

**A.     Plaintiff is The Prevailing Party.**

Although the parties separately agreed to pay the attorney's fees and costs of the non-breaching party, their agreement is governed by the state statute permitting such fee-shifting agreements. In this case, the court looks to Washington law to analyze whether, and to what extent, Plaintiff is entitled to his fees and costs. In Washington, litigants who contract for attorney's fees and costs must first show that they are in fact the "prevailing party."[2] Section 4.84.330 of the Revised Code of Washington, provides that the prevailing party in a contract dispute "shall be" entitled to reasonable attorney's fees and costs, if the contract in dispute specifically provides for the award of fees and costs. RCW § 4.84.330. The statute defines "prevailing party" as "the party in whose favor final judgment is rendered." Id.

---

[2]In its November Order, the court engaged in a choice-of-law analysis and determined that Washington law governs the parties' Settlement Agreement. The court does not reiterate that analysis here, but notes that neither party disputes the application of Washington law, nor do they cite any other state's law in support of their arguments.

ORDER – 3

Defendant claims to be the prevailing party in this dispute because (1) Plaintiff initially sued four defendants, three of which were dismissed early on in the case, (2) the court rejected, or Plaintiff waived, all damages arising out of Defendant's breach, and (3) the court dismissed Plaintiff's claim for disgorgement of profits.  Thus, Defendant argues that Plaintiff did not prevail in the lawsuit.

In Washington, the prevailing party is the one in a lawsuit who receives a judgment in his favor.  See Am. Fed. Sav. & Loan Ass'n v. McCaffrey, 728 P.2d 155, 164 (Wash. 1986).  Even if the plaintiff does not recover damages in the amount originally sought, if judgment is entered in his or her favor, the plaintiff is considered the prevailing party.  See Silverdale Hotel v. Lomas & Nettleton Co., 677 P.2d 773, 781 (Wash. Ct. App. 1984) ("A party need not recover its entire claim in order to be considered the prevailing party.") (citations omitted).

Defendant correctly points out that Plaintiff's original Complaint in this matter asserts a breach of contract claim not only against Defendant, but also her publisher, co-author, and editor.  Compl. at 1 (Dkt. # 6).  Early on in the litigation, the state court, in which this matter was originally filed, dismissed all claims against Defendant's publisher, co-author, and editor.  The state court did not give any reasons for its dismissal of the three defendants.  From the record before this court, however, the court can surmise that the publisher, co-author, and editor were dismissed because they were not parties to the Settlement Agreement, as argued in their moving briefs.  By suing these additional defendants for breach of the Settlement Agreement, Plaintiff reached beyond the logical boundaries of the class of persons liable for breach.  Nevertheless, Plaintiff's overreaching does not preclude his recovery as the prevailing party vis-a-vis the remaining Defendant.  It does, however, justify limiting Plaintiff's recovery to

ORDER – 4

exclude fees and costs associated with bringing suit against Defendant's publisher, co-author, and editor.

Defendant's remaining two arguments relate to whether the "prevailing party" analysis necessarily requires a comparison of damages claimed versus damages awarded. Defendant contends that Plaintiff cannot recover his fees and costs because he did not recover any appreciable damages and that his claim for disgorgement of profits was summarily dismissed by the court. As stated above, in Washington, a party need not recover his entire claim to be considered the prevailing party. See Silverdale Hotel, 677 P.2d at 781.

Plaintiff brought one cause of action against Defendant: breach of contract. As a remedy for her breach, Plaintiff sought disgorgement of Defendant's profits from publishing a book that disparaged him. The court held in its November Order that Plaintiff could not recover profits because the disparaging statements made up only a fraction of Defendant's book and Plaintiff failed to come forth with any evidence that the statements had any effect on the marketability or popularity of the book. Defendant now contends that the disgorgement of profits claim was a separate claim by Plaintiff and his failure to recover on this claim exempts him from prevailing party status.

Defendant cites no authority for the proposition that the prevailing party must succeed on all claims and recover some damages in order to collect fees and costs. The purpose of the underlying agreement in this case was to protect the reputation of the parties and to preclude one party from disparaging the other. Here, the court found that Defendant indeed breached the Settlement Agreement by publishing a book that impinged upon Plaintiff's reputation. The fact that Plaintiff is unable to quantify his damages does not preclude his claim or his status as the prevailing party. See Ford v. Trendwest Resorts, Inc., 43 P.3d 1223, 1229 (Wash. 2002) (noting that nominal

ORDER – 5

damages are appropriate "where, from the nature of the case, some injury has been done, the amount of which the proofs fail entirely to show").

The gravamen of Plaintiff's lawsuit was breach of contract; Plaintiff prevailed on this claim. Defendant, on the other hand, failed to prevail on any of her counterclaims. Accordingly, the court finds Plaintiff is the prevailing party and is entitled to the reasonable fees and costs associated with prosecuting his claim for breach of contract.

**B.  The Court Awards Plaintiff Costs in The Amount of $1,133.12.**

Plaintiff requests costs in the amount of $1,611.62. Defendant claims that most of Plaintiff's costs are not recoverable, citing the federal taxation of cost statute. See 28 U.S.C. § 1920. In support of this argument, Defendant cites to federal cases in other circuits. While the court agrees that the taxation of cost in a federal suit is governed by section 1920, it does not agree that a parties' agreement to pay costs in a contract dispute is governed by the federal taxation of cost statute and its accompanying cost exclusions. The costs in this matter were $1,611.62. The court finds that this amount encompasses charges that the parties could reasonably have expected during litigation and are therefore costs the parties' agreed to pay. As stated above, however, the court reduces Plaintiff's costs attributable to the unsuccessful claims against Defendant's publisher, co-author, and editor. The court finds that $478.50 is appropriately attributable to these failed claims and reduces its award of costs by this amount.

**C.  The Court Awards Plaintiff Attorney's Fees in The Amount of $38,425.**

The court has reviewed the billing records for Plaintiff's attorney, Ross Radley, and except as mentioned below, finds the time expended and amounts charged to be reasonable and therefore recoverable. The court notes that Mr. Radley failed to attach his billing statements to a declaration attesting to their authenticity, which gave the court some pause. Defendant, however, was apparently not equally concerned, as she

ORDER – 6

did not object to their authenticity or their admissibility. Accordingly, the court considers the records as filed.

Plaintiff requests attorney's fees in the amount of $48,000. The court awards Plaintiff $38,425 in attorney's fees. This accounts for two deductions. First, as discussed above, the court deducts the fees associated with failed claims against Defendant's publisher, co-author, and editor (34 hours X $250 hourly rate = $8,500 deduction). The second deduction is for all attorney's fees associated with Plaintiff's second motion to remand. As stated in the court's January 18, 2007 order denying remand, Plaintiff brought a motion to remand without any supportable basis and in contravention of well-settled law. Accordingly, the court deducts $1,075 from the award, which represents fees incurred in filing Plaintiff's second motion to remand (4.3 hours X $250 hourly rate = $1,075 deduction).

Finally, the court considers Defendant's request to deduct Mr. Radley's fees for performing "administrative tasks." The fees charged by Mr. Radley that Defendant terms "administrative," are related to cite-checking, filing pleadings, and delivering files to the clerk of court. While these tasks may also be performed by an administrative assistant, the court is not aware of any requirement that when an attorney performs these tasks, his charges are not recoverable because they are deemed "administrative." Mr. Radley's fees associated with these tasks are minimal and reasonable. Defendant cites no authority for the proposition that an attorney may not charge for time spent filing documents, electronically or otherwise, and for performing other administrative-type tasks. Thus, the court will not reduce Plaintiff's attorney's fees request because the attorney performed some tasks that Defendant considers "administrative."

ORDER – 7

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for attorney's fees and costs (Dkt. # 60) and awards costs in the amount of $1,133.12 and fees in the amount of $38,425.

Dated this 5th day of April, 2007.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER – 8